# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joel Rosenthal,**
**Plaintiff Below, Petitioner**

**FILED**

June 26, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-1041** (Pocahontas County 14-C-15)

**Christopher Mihans,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joel Rosenthal, appearing *pro se*, appeals the order of the Circuit Court of Pocahontas County, entered on September 23, 2014, that dismissed his defamation action for a lack of personal jurisdiction over Respondent Christopher Mihans pursuant to Rule 12(b)(2) of the West Virginia Rules of Civil Procedure. Respondent, by counsel Christopher T. Pritt, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the records in each case. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the records presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner operates a wild animal rehabilitation facility in Pocahontas County, West Virginia. Respondent, a hunter residing in the State of North Carolina, has launched a vigorous campaign against petitioner's "hands-on" approach to wild animal rehabilitation on the social media website Facebook and various other sites on the internet.[1] Respondent has also contacted the West Virginia Division of Natural Resources, by email and a single telephone call, and a West Virginia television reporter, by email, regarding petitioner's techniques. For certain of these emails, respondent used his email account with his employer, which does business in West Virginia.

On April 7, 2014, petitioner filed a complaint in the Circuit Court of Pocahontas County alleging that respondent had defamed him in criticizing his method of rehabilitating animals.[2]

---

[1] Respondent accuses petitioner of making wild animals dependent on him and further alleges, in colorful terms, that petitioner becomes too attached to the animals.

[2] Petitioner asked for (1) an apology; (2) an injunction requiring respondent to remove all offending postings; (3) $500,000 in compensatory damages; (4) $1,000,000 in punitive damages; and (5) court costs.

1

Petitioner had respondent served with the complaint through the Sheriff's Department of Franklin County, North Carolina.[3] On May 5, 2014, respondent filed a Rule 12(b)(2) motion to dismiss petitioner's complaint for a lack of personal jurisdiction over respondent. Petitioner filed a response to the motion on May 8, 2014.

At a July 25, 2014, hearing on the Rule 12(b)(2) motion to dismiss, the circuit court heard the parties' arguments and then ruled that petitioner's complaint would be dismissed. Respondent's counsel subsequently submitted a proposed dismissal order. On August 1, 2014, petitioner filed objections to the proposed order. Petitioner also filed multiple motions asking the circuit court to reconsider its decision to dismiss the complaint. Also, petitioner submitted numerous amended complaints.

In its order entered on September 23, 2014, the circuit court did not rule on the issues of whether petitioner's many motions for reconsideration were properly filed or whether leave was granted for petitioner to file his amended complaints, but did consider petitioner's allegations contained in those pleadings. The circuit court noted that the following two-part test applies for determining whether a West Virginia court may exercise personal jurisdiction over a non-resident defendant: the court must determine (1) whether the defendant's actions satisfy this State's long-arm statute, West Virginia Code § 56-3-33; and (2) whether the defendant's contacts with this State satisfy the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[4] *See* Syl. Pt. 1, *Nezan v. Aries Technologies, Inc.*, 226 W.Va. 631, 633, 704 S.E.2d 631, 633 (2010) (quoting Syl. Pt. 5, *Abbott v. Owens-Corning Fiberglas Corp.*, 191 W.Va. 198, 200, 444 S.E.2d 285, 287 (1994)). The circuit court found that while petitioner's argument focused on the test's second prong, the court was granting respondent's motion to dismiss for petitioner's failure to demonstrate that his allegations showed one of the seven circumstances listed in West Virginia Code § 56-3-33. The circuit court determined that the only potentially applicable subsection was West Virginia Code § 56-3-33(a)(4), which provides that a non-resident defendant may be sued in this State for "[c]ausing tortious injury in this [S]tate by an act or omission outside this [S]tate *if he or she regularly does or solicits business, or engages in*

_____

[3] In its order, the circuit court questioned the adequacy of this method of service because it was not the method set forth in this State's long-arm statute, West Virginia Code § 56-3-33; however, the court did not dismiss the complaint on that issue. *See* W.Va. Code § 56-3-33(f) ("The provision for service of process herein is cumulative and nothing herein contained shall be construed as a bar to the plaintiff in any action or proceeding from having process in such action served in any other mode or manner provided by the law of this state or by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.").

[4] *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (internal quotations and citations omitted).

*any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.*" (emphasis added) The circuit court first found that respondent's employer's business activities in West Virginia were not relevant because petitioner was not attempting to sue respondent for anything related to his job.[5] The circuit court then determined that while respondent may be engaging in a persistent course of conduct with regard to petitioner—outside of work—any such conduct could not be said to be occurring "in this [S]tate" as required by West Virginia Code § 56-3-33(a)(4). The circuit court noted that "[i]t is undisputed that [respondent] has not visited [West Virginia] during the voicing of his opposition to [petitioner's] techniques" and concluded that petitioner "does not allege any conduct which took place within this [S]tate, sufficient for the Court to exercise jurisdiction over the person of [respondent]." Accordingly, the circuit court dismissed the complaint pursuant to Rule 12(b)(2) for a lack of personal jurisdiction over respondent.

Petitioner now appeals the circuit court's September 23, 2014, dismissal order. Because the circuit court did not hold an evidentiary hearing on the issue of personal jurisdiction, we apply our customary de novo standard of review. *See Easterling v. American Optical Corporation*, 207 W.Va. 123, 127, 529 S.E.2d 588, 592 (2000) (more deferential standard of review applies when evidentiary hearing is held). Also given the lack of such a hearing, there need only be a prima facie demonstration of personal jurisdiction, but, as the advocate for jurisdiction, petitioner is the party required to make that showing. *Id.* (internal quotations and citations omitted).

On appeal, as he did in the circuit court, petitioner focuses his argument on whether sufficient minimum contacts existed between respondent and this State so that respondent can be brought into court in Pocahontas County, West Virginia, consistent with federal due process. Respondent counters that petitioner addresses the wrong prong of the applicable two-part test under *Abbott* and *Nezan* and that, before he discusses the minimum contacts analysis,[6] petitioner must first satisfy this State's long-arm statute, West Virginia Code § 56-3-33. *See Nezan*, 226 W.Va. at 641, 704 S.E.2d at 641 ("West Virginia's long-arm statute, contained in W. Va. Code § 56-3-33, details seven circumstances through which a non-resident may be subjected to the jurisdiction of the West Virginia courts[.]").

In his reply brief, petitioner contends that his allegations—viewed in the light most favorable to him[7]—show that personal jurisdiction exists over respondent in West Virginia

---

[5] Although the circuit court determined that only West Virginia Code § 56-3-33(a)(4) was potentially applicable to this case, on appeal, petitioner argues that personal jurisdiction exists over respondent, in part, because of W.Va. Code § 56-3-33(a)(1), which provides that a non-resident defendant may be sued in this State if he transacts "any business in this [S]tate." Therefore, we will discuss the circuit court's finding that respondent's employer's West Virginia activities were irrelevant when we address petitioner's argument that W.Va. Code § 56-3-33(a)(1) provides jurisdiction. *See* Discussion *infra.*

[6] *See* fn. 4, *supra.*

[7] *See Easterling*, 207 W.Va. at 127, 529 S.E.2d at 592 (internal quotations and citations omitted).

pursuant to West Virginia Code §§ 56-3-33(a)(1) and (4). We disagree. First, petitioner alleges that respondent is transacting business in this State pursuant to West Virginia Code § 56-3-33(a)(1) because respondent's employer does so. As explained by the circuit court in its order, respondent's employer's transaction of business in West Virginia might be relevant if petitioner wanted to bring respondent into court because of some work-related activity, but there is no allegation that respondent's campaign against petitioner's animal rehabilitation techniques constitute part of his job.[8] We agree with the circuit court and find that petitioner makes no demonstration that there is jurisdiction over respondent pursuant to West Virginia Code § 56-3-33(a)(1).

Second, while petitioner argues that jurisdiction exists pursuant to West Virginia Code § 56-3-33(a)(4) because there has been "[a] tortious injury in this [S]tate [caused] by an act or omission outside this [S]tate," we agree with the circuit court that petitioner takes a truncated view of the statute. Even when an injury occurs in this State caused by an act or omission outside this State, West Virginia Code § 56-3-33(a)(4) provides personal jurisdiction over a non-resident defendant only when "he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." After reviewing petitioner's complaint, various amended complaints, and other pleadings, the circuit court determined that jurisdiction over respondent did not exist pursuant to West Virginia Code § 56-3-33(a)(4). We have examined the record in this case and also conclude that West Virginia Code § 56-3-33(a)(4) does not provide a basis for jurisdiction. Therefore, we determine that the circuit court did not err in dismissing petitioner's action pursuant to Rule 12(b)(2) for a lack of personal jurisdiction over respondent.

For the foregoing reasons, we affirm.[9]

Affirmed.

**ISSUED:** June 26, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[8] All petitioner alleges is that, like most people, respondent occasionally utilizes his work email for personal endeavors.

[9] Petitioner contends that respondent has conceded that respondent defamed him because respondent does not address his substantive allegations. We note that (1) respondent's obligation to answer petitioner's substantive allegations became suspended once respondent filed a dispositive motion pursuant to Rule 12(b) of the Rules of Civil Procedure; and (2) the truth of petitioner's substantive allegations has no relevance as to the determination of whether personal jurisdiction exists over respondent.